STATE OF LOUISIANA                    NO. 24-K-333

VERSUS                                FIFTH CIRCUIT

COREY ANDERSON                        COURT OF APPEAL

                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

_____ July 26, 2024 _____

Linda Wiseman
First Deputy Clerk

IN RE STATE OF LOUISIANA

---

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 21-3191, 21-3192, 22-5393

---

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Amanda L. Calogero, Pro Tempore

**WRIT GRANTED; STAY DENIED**

The State seeks emergency supervisory review of the trial court's ruling that defendant, Corey Anderson, is an unrestorable incompetent, that he is unlikely in the foreseeable future to be capable of standing trial, and that he is to be released ten days from July 17, 2024 or on July 27, 2024, unless the Louisiana Department of Health initiates civil commitment proceedings. The State has also filed an Emergency Motion to Stay Release. For the following reasons, this writ application is granted, and the stay is denied as moot.

La. C.Cr.P. art. 648 provides in pertinent part, "B. (1) … At any time after commitment and **on the recommendation of the director or administrator of the treatment facility** that the defendant will not attain the capacity to proceed with his trial in the foreseeable future, the court shall, … conduct a contradictory hearing to determine whether the defendant is, and will in the foreseeable future be, incapable of standing trial and whether he is a danger to himself or others."

24-K-333

We find that the trial court erred in its ruling. At the hearing on July 17, 2024, Dr. Richard Richoux, a stipulated expert in the field of forensic psychology or psychiatry, testified that defendant was incompetent to proceed in accordance with his July 15, 2024 report. He further testified that if defendant received substantive treatment it was possible that he could be restored to competency. Dr. Richoux also testified that he has never found that defendant was an unrestorable incompetent based upon the lack of treatment and that in his review of the Eastern Louisiana Mental Health System report dated November 20, 2023, they also never opined that defendant was an unrestorable incompetent. As such, there is no basis for a finding that defendant is an unrestorable incompetent. Further, the writ application provides no evidence that there has been a recommendation by the director or administrator of the treatment facility that defendant will not attain the capacity to proceed with his trial in the foreseeable future. *See* La. C.Cr.P. art. 648.

For the foregoing reasons, this writ application is granted and the request for a stay is denied as moot. We vacate the trial court's order finding that defendant is an unrestorable incompetent and ordering the Louisiana Department of Health to either initiate civil commitment proceedings within ten days or release defendant. We remand this matter and order the trial court to evaluate defendant's competency to proceed.

Gretna, Louisiana, this 26th day of July, 2024.

**ALC**
**SJW**

2

STATE OF LOUISIANA                          NO. 24-K-333

VERSUS                                      FIFTH CIRCUIT

COREY ANDERSON                              COURT OF APPEAL

                                            STATE OF LOUISIANA

**MOLAISON, J., CONCURS WITH REASONS**

I agree that the trial court did not follow the procedures outlined in La.

C.Cr.P. art. 648.

I would also note that the writ application, as a whole, evidences that the defendant has been found competent at various times. This was the conclusion of the Eastern Louisiana Mental Health System, Forensic Division on November 30, 2023. In addition, the associated evaluation stated that the defendant would remain competent as long as he continued to take his prescribed medication. However, at the hearing on July 17, 2024, Dr. Richoux specifically observed that the defendant had made a choice to discontinue his medication. Dr. Richoux also opined that the defendant could be restored to competency. I believe that this evidence contradicts the trial court's finding of unrestorable incompetence at this stage of the proceedings.

                        **JJM**

24-K-333

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **07/26/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-K-333**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Darren A. Allemand (Relator)                    Thomas J. Butler (Relator)

### MAILED

Andrew J. Duffy (Respondent)                    Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                                 District Attorney
848 2nd Street                                  Twenty-Fourth Judicial District
3rd Floor                                       200 Derbigny Street
Gretna, LA 70053                                Gretna, LA 70053